UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES GARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04154-JMS-DLP |
| | ) | |
| DUSHAN ZATECKY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING DEFENDANT WARDENS'
## MOTION FOR SUMMARY JUDGMENT

Plaintiff James Garvey, an Indiana Department of Correction ("IDOC") inmate at

Pendleton Correctional Facility ("Pendleton"), filed this civil rights action against Officer Robert

Curts, and Warden Zatecky, and Deputy Wardens Alsip and Reagle (the "Wardens") on October

9, 2019. He alleges that Officer Curts[1] sprayed him with a chemical agent while he was at outside

recreation and was not posing a threat to anyone. Dkt. 8 at 3. He also alleges that the Wardens

failed to protect him and provided unconstitutional conditions of confinement. *Id.* The Wardens

seek summary judgment on the claims against them. For the reasons explained below, the Wardens'

unopposed motion for summary judgment, dkt. [63], is **GRANTED**.

### I. Standard of Review

Summary judgment shall be granted "if the movant shows that there is no genuine dispute

---

[1] The Court undertook numerous efforts to perfect service on Robert Curts utilizing the waiver of service provisions of Rule 4(d) of the Federal Rules of Civil Procedure which were unsuccessful. Ultimately, the Court twice directed the United States Marshal to issue process to Robert Curts via summons pursuant to Fed. R. Civ. P. 4(c)(3). Service on Robert Curts was eventually successful, and he appeared *pro se* and filed a "Response to frivolous allegation by James Garvey" which the Court construed as an answer to the plaintiff's complaint. Dkt. 67. The Office of the Indiana Attorney General made clear in the Wardens' motion for summary judgment that Robert Curts will not be represented by their office in this matter. Dkt. 64 at 1 n.1.

as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit*." Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Mr. Garvey failed to respond to the summary judgment motion. Accordingly, facts alleged in the motion are deemed admitted so long as support for them exists in the record. *See* S.D. Ind. L.R. 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."); *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission"). This does not alter the summary judgment standard, but it does "[r]educe[] the pool" from which facts and inferences relative to the motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997). Thus, "[e]ven where a non-movant fails to respond to a motion for summary judgment, the movant 'still ha[s] to show that summary judgment [i]s proper given the undisputed facts.'" *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (quoting *Yancick v. Hanna Steel Corp.*, 653 F.3d 532, 543 (7th Cir. 2011)).

## II. Material Facts

The following facts, unopposed by Mr. Garvey and supported by admissible evidence, are accepted as true.

### A. The Parties

At all times relevant to this action, Dushan Zatckey was Warden at Pendleton. Dkt. 18 at 1. Duane Alsip and Dennis Reagle were Deputy Wardens. *Id.* Mr. Garvey is in IDOC custody at

Pendleton. Dkt. 63-1 at 17-18. In March 2019, he was housed in the G cell house in disciplinary segregation. *Id.*

### B. March 24, 2019 Incident

On March 24, 2019, Mr. Garvey was taken to an outdoor recreation cage where he observed Officer Curts fighting with other offenders. *Id.* at 24-25. He observed Officer Curts attack another offender and two other officers had to pull Curts off of the offender. *Id.* at 25. Mr. Garvey testified that Officer Curts walked by 8 or 9 recreation cages, including Mr. Garvey's, and sprayed all the inmates with pepper spray while using derogatory and profane language towards them. *Id.* Mr. Garvey testified that Officer Curts sprayed him in the face with pepper spray when he was not posing any threat to anyone. *Id.* at 26-27. The pepper spray got into his hair, on his face, and down his shirt. *Id.* at 42. Mr. Garvey stated that Intelligence and Investigations Internal Affairs officers responded, shut down recreation, reviewed the chemical agent questions and warnings, and provided the inmates, including Mr. Garvey, with decontamination showers. *Id.* at 31, 37. Officer Curts was immediately terminated. *Id.* at 25, 37.

Mr. Garvey stated prior to March 24, 2019, he had never been sprayed with pepper spray or had force used against him by correctional officers. *Id.* at 22-24. Officer Curts' actions came as a "[c]omplete surprise" to Mr. Garvey because before this incident, Officer Curts "was cool with him" and "had no problem with him[.]" *Id.* at 27. Mr. Garvey did not write to the Warden or Deputy Wardens with any complaints about his treatment by Officer Curts or other employees at Pendleton before this incident. *Id.* at 39. He began the informal grievance process the day the event occurred. *Id.* at 39-40.

### C. Conditions of Confinement

When asked about what evidence he had about inadequate training or the unconstitutional conditions of how he has been treated in prison to support this Eighth Amendment claims against the Wardens, Mr. Garvey testified with list of complaints, including that the G cell house smells like urine, cleaning supplies are not handed out, he has restricted access to hygiene items and showers, he has requested clothes while on strip cell status and not received them, he has not received an ID, he cannot use the phone, and several inmates have committed suicide. *Id.* at 54-55. This list does not relate to use of force by staff. *Id.*

### III. Discussion

The Court addresses each of Mr. Garvey's claims against the Wardens, in turn.

### A. Failure to Protect

To survive summary judgment, Mr. Garvey must point to evidence from which a reasonable juror could find that (1) he faced an excessive risk to his health and safety and (2) the Wardens knew about the risk but were deliberately indifferent to it. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018); *see Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To be liable for failure to protect, a defendant must have had "actual, and not merely constructive, knowledge of the risk" to the plaintiff's safety. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). Usually, a plaintiff proves the defendant's knowledge of an excessive risk by "showing that he complained to prison officials about a specific threat to his safety." *Id.* (quotation marks omitted). "Complaints that convey only a generalized, vague, or stale concern about one's safety typically would not support an inference that a prison official had actual knowledge that the prisoner was in danger." *Id.* at 480-81.

Mr. Garvey provides no evidence that the Wardens knew about any risk of his attack by Officer Curts, or any other IDOC officer. Indeed, it is undisputed that the Wardens did not have any knowledge—Mr. Garvey admits to never notifying the Wardens of any such issues before Officer Curts sprayed him. Quite the opposite, actually. Mr. Garvey expressed surprise at Officer Curts' actions, stated that he must have "snapped" for no reason, and claimed to have no prior problems with this officer. Dkt. 63-1 at 33-35. He testified that he did not write the Wardens about his safety or concerns about Officer Curts before the incident and stated "[t]his was just a spur of the moment thing[.]" *Id.* at 40.

Because the Wardens had no notice of a specific threat to Mr. Garvey's safety, a reasonable jury could not find they were deliberately indifferent. Accordingly, the Wardens are entitled to summary judgment on this claim.

### B. Unconstitutional Conditions

"A prisoner challenging conditions of confinement must first show that the conditions were sufficiently serious as an objective matter, meaning that they den[ied] the inmate civilized measure of life's necessities, creating an excessive risk to the inmate's health and safety." *Thomas v. Blackard*, 2 F.4th 716, 719-20 (7th Cir. 2021) (quotations omitted). Second, "the inmate must prove that prison officials acted with deliberate indifference—that they knew of and disregarded this excessive risk of harm to the inmate." *Id.*

In his complaint, Mr. Garvey alleged that the Wardens violated his Eighth Amendment rights by knowingly creating a dangerous environment, allowing staff to be trained to hate inmates, creating an "us against them" atmosphere, and by having an understaffed facility which forced officers to work long shifts multiple days in a row, which created a hostile and tense environment. Dkt. 8 at 3. But Mr. Garvey points to no evidence of these allegations. And when given the

opportunity at his deposition, Mr. Garvey described a different laundry list of general grievances, including access to hygiene items, cleaning supplies, showers, an ID card, clothing while on strip cell status, and the telephone. He also mentioned inmates' suicides. The Wardens argue that these allegations "exceed[] the scope of the claims [Mr. Garvey] was permitted to proceed on upon screening." Dkt. 64 at 13. Whether inside or outside of the scope of the claims, none of these unsupported allegations show that Mr. Garvey faced any specific conditions serious enough to meet the objective part of the deliberate indifference standard. And even if they were, Mr. Garvey has provided no evidence that the Wardens were aware of any such conditions. Without such evidence, no reasonable juror could find that the Wardens knew of any unconstitutional conditions that posed a risk of harm to Mr. Garvey and disregarded that risk. Thus, they are entitled to summary judgment on this claim.

### IV. Conclusion and Further Proceedings

For the reasons explained above, the Wardens' unopposed motion for summary judgment, dkt. [63], is **GRANTED**. No partial final judgment shall issue at this time.

The Eighth Amendment excessive force claim against Officer Robert Curts in his individual capacity remains pending. Officer Curts has answered Mr. Garvey's complaint. The Court will issue a scheduling order for the claims against Officer Curts in a separate order.

**The clerk is directed to terminate as defendants** Wardens Dushan Zatecky, Duane Alsip, and Dennis Reagle from the docket.

**IT IS SO ORDERED.**

Date: 8/31/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES GARVEY
136054
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Archer Riddick Randall Rose
INDIANA ATTORNEY GENERAL
archer.rose@atg.in.gov